**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | AU:21-CR-048-LY-12 |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | AUSTIN, TEXAS |
| | ) | |
| SHAWN MALMQUIST, | ) | |
| | ) | |
|    Defendant. | ) | JULY 6, 2022 |

*********************************************
TRANSCRIPT OF REARRAIGNMENT AND PLEA HEARING
BEFORE THE HONORABLE SUSAN HIGHTOWER
*********************************************

APPEARANCES:

FOR THE PLAINTIFF:   G. KARTHIK SRINIVASAN
                     UNITED STATES ATTORNEY'S OFFICE
                     903 SAN JACINTO BOULEVARD, SUITE 334
                     AUSTIN, TEXAS 78701

FOR THE DEFENDANT:   WILLIAM J. BROWNING
                     LAW OFFICE OF WILLIAM J. BROWNING
                     1101 WEST 34TH STREET, SUITE 139
                     AUSTIN, TEXAS 78705

TRANSCRIBER:         ARLINDA RODRIGUEZ, CSR
                     501 WEST 5TH STREET, SUITE 4152
                     AUSTIN, TEXAS 78701
                     (512) 391-8791

Proceedings recorded by electronic sound recording, transcript

produced by computer.

(Proceedings began at 2:02 p.m.)

THE CLERK:  Court is now in session for guilty pleas: 21-CR-48, *United States v. Defendant Number 12, Shawn Malmquist.*

MR. SRINIVASAN:  Good afternoon, Your Honor. Karthik Srinivasan for the government.

THE COURT:  Good afternoon.

MR. BROWNING:  Good afternoon, Your Honor. William Browning for Mr. Malmquist.

THE COURT:  Good afternoon to you both.

THE CLERK:  21-CR-48, *United States v. Defendant Number 16, Victoria Manning.*

MR. SRINIVASAN:  Karthik Srinivasan for the government.

MR. TOLAND:  Good afternoon, Your Honor. Steve Toland for Ms. Victoria Manning.  She's out on bond and obviously present in court and ready to proceed with her plea.

THE COURT:  Thank you.  And good afternoon, Mr. Toland.

THE CLERK:  21-CR-179, *United States v. Leonel Bello-Bahena.*

MR. SRINIVASAN:  Karthik Srinivasan for the government.

MR. TOLAND:  And good afternoon again, Your Honor. Steve Toland for Mr. Bello-Bahena.

THE COURT:  Okay.  Thank you very much.

So, as Mr. Ferrell just said, we're here for guilty pleas in accordance with Rule 11 of the Federal Rules of Criminal Procedure.  So I'll ask Mr. Ferrell to please administer the oath to all three defendants at this time.

(Defendants sworn)

THE COURT:  Thank you.  And you can lower your hands, and I'll just say that I heard Mr. Bah Bello-Bahena just fine. But Mr. Malmquist and Ms. Manning, I'll need you to speak up just a little bit.  Our proceeding is being recorded this afternoon.

So I'll ask all of the defendants at this time, do you understand that you're now under oath and that if you answer any of my questions falsely, your answers may be used against you for making a false statement or for perjury in another prosecution?

Do you understand that, Mr. Malmquist?

DEFENDANT MALMQUIST:  Yes, ma'am.

THE COURT:  And Ms. Manning?

DEFENDANT MANNING:  Yes.

THE COURT:  And Mr. -- do you pronounce your name Bello-Bahena?

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  Okay.  Thank you.  So in order to take your guilty plea today, I need to advise you of several rights

and ask you a series of questions, and those are intended to ensure that you understand what you're doing by pleading guilty today.

So if at any time I say something that any of you don't understand, whether that's a translation issue for you, Mr. Bello-Bahena, or if you have a question or you just need a minute to talk with your attorney, please stop me.  We have plenty of time to do that if you need to.  And it's very important that you do so if you have a question or you don't understand something, because you won't be able to come back later and say that you didn't understand what you were doing today.

So I'll ask each of you to please state your full name at this time, starting with Mr. Malmquist.

DEFENDANT MALMQUIST:  Shawn David Malmquist.

THE COURT:  And Ms. Manning.

DEFENDANT MANNING:  Victoria Marie Manning.

THE COURT:  And Mr. Bello-Bahena.

DEFENDANT BELLO-BAHENA:  Leonel Bello-Bahena.

THE COURT:  Thank you.  So I'm a United States magistrate judge, and you have the right to plead before the district court instead.  Have you discussed this issue with your attorney?

DEFENDANT MALMQUIST:  Yes, ma'am.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And do you understand that you have the right to have a district judge hear your plea?

DEFENDANT MALMQUIST:  Yes, ma'am.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And do you agree to give up or waive your right to plead before the district court?

DEFENDANT MALMQUIST:  Yes.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And on behalf of the government, Mr. Srinivasan, do you consent to having me hear all three of the defendants' pleas?

MR. SRINIVASAN:  Yes, Your Honor.

THE COURT:  Okay.  I find that both parties consent to having me conduct the guilty plea proceeding in each of their cases today.

And I need to remind counsel that, as required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland* and its progeny.  Not doing so in a timely manner may result sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges, and contempt proceedings.

MR. SRINIVASAN:  Yes, Your Honor.

THE COURT:  Thank you, sir.  So these questions are to the three defendants.  And first is:  Have you had enough time to discuss this case -- excuse me.  These questions, in fact, are for your attorneys.  I apologize.

So first for Mr. Browning and Mr. Toland:  Have you had enough time to discuss this case with each of your clients?

MR. BROWNING:  Yes, I have Your Honor.  I've had plenty of time.

MR. TOLAND:  Yes, Your Honor.

THE COURT:  And did you discuss the charges that your clients face and any defenses that he or she might have to those charges?

MR. BROWNING:  Yes, I did, Your Honor.

MR. TOLAND:  Yes, Your Honor.

THE COURT:  Did you explain the constitutional and statutory rights that your clients have to them?

MR. BROWNING:  Yes, I did, Your Honor.

MR. TOLAND:  Yes, Your Honor.

THE COURT:  And did you explain the sentencing guidelines and other sentencing factors?

MR. BROWNING:  Yes, I did, Your Honor.

MR. TOLAND:  Yes, Your Honor.

THE COURT:  Do you believe that each of your clients has a factual and rational understanding of these proceedings?

MR. BROWNING:  Yes.  I believe that he does.

MR. TOLAND:  I do, Your Honor.

THE COURT:  And do you have any doubt as to your client's competence to enter a plea today.

MR. BROWNING:  I have no doubts as to his competence, Your Honor.

MR. TOLAND:  No, I do not, Your Honor.

THE COURT:  Okay.  Thank you, gentlemen.

Now these questions are for the three defendants. And first is:  Have you had enough time to talk to your attorney?

DEFENDANT MALMQUIST:  Yes, ma'am.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And have you told your attorney everything that you know about the facts and circumstances leading to your arrest?

DEFENDANT MALMQUIST:  Yes, ma'am.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  Did you discuss the charges against you and any defenses you might have to those charges?

DEFENDANT MALMQUIST:  Yes, ma'am.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And does any of you have any mental or

physical condition that affects your ability to understand what we're doing in court today?

DEFENDANT MALMQUIST:  No, ma'am.

DEFENDANT MANNING:  No.

DEFENDANT BELLO-BAHENA:  No.

THE COURT:  And are you under the influence of any medication or any drugs or alcohol that affect your ability to understand my questions or this proceeding?

DEFENDANT MALMQUIST:  No, ma'am.

DEFENDANT MANNING: No.

DEFENDANT BELLO-BAHENA:  No.

THE COURT:  And are you satisfied with your attorney's representation of you in this case?

DEFENDANT MALMQUIST:  Yes, ma'am.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  Okay.  So each of you is pleading guilty pursuant to a plea agreement today, so at this time I'll ask Mr. Srinivasan to summarize those plea agreements.  And if you want to -- to do them one at a time, that's fine.  Or if you prefer to proceed with Mr. Malmquist and Ms. Manning together, that's also fine.

MR. SRINIVASAN:  Yes, Your Honor.  I'll go ahead with Ms. Manning and Mr. Malmquist.  These are standard plea agreements that provide that they are pleading guilty to

count one of the indictment which charges a methamphetamine trafficking conspiracy.  I would just point out that it includes an appellate waiver.  And also, significantly, there are certain agreements as to sentencing issues.

So on page 2 of each of the agreements, there is an agreement that the parties recommend that -- they agree that they conspired to possess with intent to distribute at least 500 grams, but less than 1.5 kilograms, of a mixture and substance.  The plea -- the plea agreement also sets forth the factual basis for the pleas and include other waivers, including as to discovery.  But, otherwise, they are standard plea agreements.

THE COURT:  Okay.  Thank you, Mr. Srinivasan.

So we'll be reviewing in much more detail several aspects of the plea agreements, but I want to start by asking you first, Mr. Malmquist:  Have you read the plea agreement in your case?

DEFENDANT MALMQUIST:  Yes, ma'am.

THE COURT:  And Ms. Manning?

DEFENDANT MANNING:  Yes.

THE COURT:  And have you discussed it with your attorney?

DEFENDANT MALMQUIST:  Yes, ma'am.

DEFENDANT MANNING:  Yes.

THE COURT:  Did you understand it before you signed

it?

DEFENDANT MALMQUIST:  Yes, ma'am.

DEFENDANT MANNING:  Yes.

THE COURT:  And do you agree to be bound by it?

DEFENDANT MALMQUIST:  Yes.

DEFENDANT MANNING:  Yes.

THE COURT:  Okay.  Thank you very much.  So, Mr. Srinivasan, if you want to proceed as to the plea agreement in Mr. Bello-Bahena's case.

MR. SRINIVASAN:  Yes, Your Honor.  And just before I do that, I want to note a typo for the Court.  This is on page 1 under section 2, penalty.  The underlined portions says count two when in fact it should be count one.  And it's a one-count indictment, so there's no confusion as to what the defendant is pleading to.  But Mr. Castillo flagged that for me, and Mr. Toland and I spoke about it and agreed that we'd put it on the record.

THE COURT:  Thank you.  And is that the only place where the -- the typo occurs?

MR. SRINIVASAN:  That's the only place Mr. Castillo has told me he flagged that specific one for me.  Yes, Your Honor.

THE COURT:  Okay.  Thank you.  Is there anything further?

MR. BROWNING:  I believe that's correct, Your Honor.

We discussed this, you know, I think Monday before the holiday through e-mail and we talked about all that yesterday, and so I think that's it.

THE COURT:  Okay.  Thank you for clarifying that for the record.

So, Mr. Srinivasan, if you want to proceed?

MR. SRINIVASAN:  Yes, Your Honor.  This is also a standard plea agreement.  It provides that the defendant is pleading guilty to count one of the indictment which charges him with possession with intent to distribute cocaine.

It sets forth the mandatory penalties.  There's an agreement on page 2 regarding that the -- the government will recommend the low end of the guideline sentence.  There is a factual basis for the guilty plea, and it goes on to specify other waivers, including as to discovery and the appellate waiver.

THE COURT:  Okay.  Thank you, Mr. Srinivasan.

So, Mr. Bello-Bahena, have you read the plea agreement in your case or had it read to you in Spanish?

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And have you discussed it with Mr. Toland?

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And did you understand it before you signed it, sir?

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And do you agree to be bound by it?

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  So we'll return to reviewing some of the different aspects of the plea agreement that Mr. Srinivasan mentioned.  And the first of those is that each of the plea agreements contains a waiver of the right to appeal, and that waiver extends to both what are called direct appeals and collateral attacks, with very limited exceptions.  The exceptions include ineffective assistance of counsel, prosecutorial misconduct, or if the sentence you receive is above the statutory maximum.

So has each of you discussed with your attorney the waiver of your appellate rights?

DEFENDANT MALMQUIST:  Yes.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And do you understand that you're waiving your right to appeal?

DEFENDANT MALMQUIST:  Yes.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  So also, as Mr. Srinivasan mentioned, each of your plea agreements contains certain nonbinding recommendations pursuant to rule 11(c)(1)(B).  And those, as he

mentioned in Mr. Malmquist's and Ms. Manning's case, they include certain recommendations as to quantity as well as a recommendation for all three defendants that the sentence that's imposed by the district court be at the low end of the sentencing guideline range as found by the court.

So I want to make sure that each of you understands that the terms of the plea agreement are recommendations only to the district court.  Do you understand that, sir?

DEFENDANT MALMQUIST:  Yes, ma'am.

THE COURT:  And ma'am?

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And do you understand that the district judge in each of your cases can reject the recommendations without permitting you to withdraw your guilty plea and impose a sentence that may be more severe than you anticipate?

DEFENDANT MALMQUIST:  Yes, ma'am.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

MR. SRINIVASAN:  Your Honor, can I just speak with Mr. Toland and Mr. Browning just for one second?

THE COURT:  Certainly.  We can take a short recess.

MR. SRINIVASAN:  It will take --

THE COURT:  And we'll just stay here, sure.

MR. SRINIVASAN:  Thank you, Your Honor.

THE COURT:  Is there anything we need to address on the record, Mr. Srinivasan?

MR. SRINIVASAN:  No, Your Honor.  It's resolved.  Thank you.

THE COURT:  Okay.  Thank you very much.

MR. TOLAND:  Other than that Mr. Browning is the brains of this operation.

THE COURT:  Well, let the record -- let the record reflect.

MR. BROWNING:  Your Honor, if you could enter an order just explaining that.

THE COURT:  Certainly.  I'll get right on that.

But is there anything that -- Mr. Browning or Mr. Toland, that you want to address on the record?

MR. BROWNING:  No, Your Honor.

MR. TOLAND:  No, Your Honor.

MR. SRINIVASAN:  It's just in a different place in the plea agreement.

THE COURT:  Okay.  Great.  Well, thank you very much for resolving any of the issues that may have arisen.

So all three of you are pleading guilty pursuant to indictments today.  And, Mr. Malmquist and Ms. Manning, you've been pleading guilty pursuant to the same indictment which charges you with one count of conspiracy to possess with intent to distribute, and distribution, of a controlled substance,

methamphetamine, in violation of Title 21, United States Code, Section 846.

The indictment in your case, Mr. Bello-Bahena, charges you with one count of possession with intent to distribute cocaine, in violation of Title 21 of United States Code, Sections 841(a)(1) and (b)(1)(B).

They're punishable -- these charges are punishable by the same range of punishment, which is a maximum possible prison term of 40 years, a mandatory minimum prison term of 5 years, a term of supervised release of four years to life, a maximum fine of $5 million, and a mandatory monetary assessment of $100.  So that's the same for all three defendants.

For you, Mr. Bello-Bahena, there's also a forfeiture provision in your case, and the forfeiture is for $123,042 in United States currency, a GMC Sierra crew cab Denali, and several firearms, ammunitions, and accessories as listed and described in the plea agreement.

So I want to make sure that each of you understands the charge against you and the range of punishment that it can carry.

Do you understand, Mr. Malmquist?

DEFENDANT MALMQUIST:  Yes.

THE COURT:  And Ms. Manning?

DEFENDANT MANNING:  Yes.

THE COURT:  And Mr. Bello-Bahena?

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And I'll ask defense counsel at this time:  Are any of your clients serving any other term of probation, parole, or release or incarceration for any other offense?  Mr. Browning?

MR. BROWNING:  Your Honor, Mr. Malmquist is -- has a pending case in Williamson County right now.

THE COURT:  Okay.  Thank you.

And Mr. Toland?

MR. TOLAND:  No, Your Honor.

THE COURT:  Okay.  Thank you.  So then this is for you, Mr. Malmquist.  I just need to make sure that you understand that the sentence imposed in this case could run consecutive to any term of imprisonment that you may be sentenced to on the Williamson County case.  Do you understand that, sir?

DEFENDANT MALMQUIST:  Yes, Your Honor.

THE COURT:  I also need to mention to all three of the defendants that there is no parole under federal law.  You have to serve the time to which you're sentenced.

I believe Mr. Malmquist and Ms. Manning are United States citizens.  Mr. Bello-Bahena, are you a United States citizen?

DEFENDANT MALMQUIST:  No.

THE COURT:  Okay.  So, sir, I just need to make sure

that you've understood -- that you've discussed with Mr. Toland the effects or consequences that your guilty plea may have on your immigration status.  Have you discussed that, sir?

DEFENDANT MALMQUIST:  Yes.

THE COURT:  And I need to make sure that you understand that by pleading guilty, there may be adverse effects on any pending or future claims related to your immigration status.  You may eventually be deported and removed from the United States and that, for our purposes today, you should assume that you will be deported or removed.

Your guilty plea may prevent you from ever lawfully entering or residing in the United States, and you may be denied the opportunity to become a naturalized citizen of the United States or a permanent resident alien or to achieve any legal status in the United States.

So, Mr. Bello-Bahena, knowing that your plea may have these consequences and other consequences on your immigration status, do you still intend to plead guilty today, sir?

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  Thank you.  So all three of the defendants also may be sentenced to serve a term of supervised release, as I mentioned before.  That's a term of supervision that would be imposed if the district judge chooses to do so after you're released from any term of imprisonment to which you're sentenced.  In all of your cases your term of supervised

release will last at least four years up to life.

During any term of supervised release, you would have to comply with the conditions set by the district judge and be supervised by the United States probation office. Except, Mr. Bello-Bahena, if you are deported, there will be no reporting requirement. You'd be ordered not to return to the United States without permission. But, if you did, you would have to report to the nearest probation office.

For all of the defendants, if you failed to comply with any of the terms of your supervised release, your release could be revoked and you could be sentenced to an additional term of imprisonment. And if your release is revoked, you would get no credit for the time you'd already spent on supervised release.

So I'll ask each of defendants: Do you understand what I've just said about supervised release?

DEFENDANT MALMQUIST: Yes.

DEFENDANT MANNING: Yes, ma'am.

DEFENDANT BELLO-BAHENA: Yes.

THE COURT: So now we'll talk about sentencing. When the district court decides your sentence, the court will calculate the applicable sentencing guideline range and consider that range and any departures from the sentencing guidelines.

The court will also consider some additional

statutory factors, and those include: the nature and circumstances of the offense, your history and characteristics, the seriousness of the offense, the need to promote respect for the law, to provide for just punishment, to afford adequate deterrence and to protect the public, and the need to provide you with any educational or vocational training or any medical care that you might need, as well as the need to avoid any unwarranted sentencing disparities, and to provide restitution to any victims of the offense.

The district court has discretion to impose a sentence that's within the guidelines or above them or below them.  The guidelines are not binding on the district court.

So I'll ask all of the defendants now:  Have you discussed with your attorney the law and sentencing, including the possible effect that the sentencing guidelines may have on your sentence in this case?

Have you discussed that, sir?

DEFENDANT MALMQUIST:  Yes.

THE COURT:  And ma'am?

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  Okay.  So before you enter your guilty plea, I want to make sure that you understand no one can know, and you do not know, what your eventual sentence will be, other than in each of your cases it won't be greater than 40 years.

Do you understand that?

DEFENDANT MALMQUIST:  Yes, ma'am.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  And do you have any questions for me about sentencing?

DEFENDANT MALMQUIST:  No, ma'am.

DEFENDANT MANNING:  No.

DEFENDANT BELLO-BAHENA:  No.

THE COURT:  So now I need to advise you of several of your rights, and first is that you have the right to plead not guilty.  If you pled not guilty, you'd be entitled to a jury trial.  You'd be entitled to representation by an attorney at all stages of that proceeding.

At trial you'd be presumed to be innocent.  The government would have to prove your guilt beyond a reasonable doubt, and the jury's verdict would be have to be unanimous.

You'd have the right to cross-examine the government's witnesses and to present evidence, including the right to subpoena witness.  But you wouldn't be required to prove your innocence, and you would not have to call witnesses.

Your case could include your testimony, but you'd also have the right not to testify.  The government couldn't require you to testify, and if you chose not to testify at trial, the court would instruct the jury that it could make no

inference of your guilt from that fact.

By pleading guilty you're waiving your right to trial and all the other rights I just described.  If the district court accepts your guilty plea, there will be no trial and the court will enter a judgment of guilty and sentence you after considering a presentence investigation report, which we'll discuss again in just a moment.

So I'll ask each of the defendants:  Do you understand that if you plead guilty, you waive your right to a jury trial and all the other rights I've just described?

DEFENDANT MALMQUIST:  Yes.

DEFENDANT MANNING:  Yes.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  I also need to let you know that if you plead guilty, the district court may ask you questions about the offense.  If you answer those questions under oath and in the presence of your attorney and your answers are not truthful, the government could prosecute you for making a false statement or for perjury.

So, also as Mr. Srinivasan mentioned earlier, each of your plea agreements contains a written factual basis.  And for all three of you the factual basis occurs -- is -- appears at pages 3 and 4 in each of your plea agreements.

So I want to ask whether you have any questions about the factual basis in your case, Mr. Malmquist?

DEFENDANT MALMQUIST:  No, ma'am.

THE COURT:  And are those facts true, sir?

DEFENDANT MALMQUIST:  Yes, ma'am.

THE COURT:  And, Ms. Manning, do you have any questions about the factual basis in your plea agreement?

DEFENDANT MANNING:  No, ma'am.

THE COURT:  And are those facts true?

DEFENDANT MANNING:  Yes.

THE COURT:  And, Mr. Bello-Bahena, do you have any questions about the factual basis in your plea agreement?

DEFENDANT BELLO-BAHENA:  No.

THE COURT:  And are those facts true, sir?

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  So for each of the defendants, understanding the charge against you, the possible penalties that you face, and the rights that you're giving up, how do you plead today: guilty or not guilty?

DEFENDANT MALMQUIST:  Guilty.

DEFENDANT MANNING:  Guilty.

DEFENDANT BELLO-BAHENA:  Guilty.

THE COURT:  Are you pleading guilty freely and voluntary?

DEFENDANT MALMQUIST:  Yes.

DEFENDANT MANNING:  Yes, ma'am.

DEFENDANT BELLO-BAHENA:  Yes.

23

THE COURT:  Has anyone threatened you or forced you in any manner to plead guilty?

DEFENDANT MALMQUIST:  No, ma'am.

DEFENDANT MANNING:  No.

DEFENDANT BELLO-BAHENA:  No.

THE COURT:  Has -- other than the plea agreement in each of your cases, has anyone made any promises causing you to plead guilty today?

DEFENDANT MALMQUIST:  No.

DEFENDANT MANNING:  No.

DEFENDANT BELLO-BAHENA:  No.

THE COURT:  Has anyone made any promise or prediction to you as to what your sentence will be?

DEFENDANT MALMQUIST:  No.

DEFENDANT MANNING:  No.

DEFENDANT BELLO-BAHENA:  No.

THE COURT:  Are you pleading guilty because you are guilty and for no other reason?

DEFENDANT MALMQUIST:  Yes.

DEFENDANT MANNING:  Yes, ma'am.

DEFENDANT BELLO-BAHENA:  Yes.

THE COURT:  So for all three defendants I find that your plea of guilty is freely and voluntarily made; I find that you understand the charge against you and the penalties that charge can carry; I find that you understand your

constitutional and statutory rights and choose to waive them.

I find that all three of you are competent to enter the plea of guilty and that you're satisfied with your attorney's representation in this case.  I also find that each of you understands the plea agreement in your case and agrees to be bound by its terms and conditions, and that there's a factual basis for the plea in all of your cases.

So I'll recommend to the district court that, based on the statements you've made today under oath, your guilty plea should be accepted.

So each of your cases will now be remanded to the United States Probation Office, which will prepare the presentence investigation report I mentioned a few minutes ago.  A copy of that report will be provided to you through your attorney at least 35 days before sentencing.  You'll then have 14 days to make written objections to that presentence investigation report.

Any objections that can't be resolved between you and your attorney on the one hand and the government and the probation office on the other will be resolved by the district court before sentencing.

So, for Ms. Manning, I understand that you have been in compliance with all the terms of your release.  If there's no objection from the government, you will be allowed to remain out of custody on your original bond.

Is there any objection, Ms. Srinivasan?

MR. SRINIVASAN:  No objection.

THE COURT:  Okay.  So, Ms. Manning, you must agree to continue to abide by the conditions of release and to appear for all court proceedings.  Do you agree to do so?

DEFENDANT MANNING:  Yes, ma'am.

THE COURT:  Okay.  Thank you.  Is there anything further that we need to address at this time, Mr. Srinivasan?

MR. SRINIVASAN:  Not for the government.

THE COURT:  And Mr. Browning?

MR. BROWNING:  Nothing from us, Your Honor.

THE COURT:  Mr. Toland?

MR. TOLAND:  No, Your Honor.

THE COURT:  And Mr. Ferrell?

THE CLERK:  No, Your Honor.

THE COURT:  Okay.  Well, thank you very much.  And I remand Mr. Malmquist and Mr. Bello-Bahena to the custody of the United States Marshal Service, and I wish all three of the defendants good luck.  We're adjourned.

(Proceedings concluded at 2:26 p.m.)

**REPORTER'S CERTIFICATE**

I, Arlinda Rodriguez, do hereby certify that the foregoing was transcribed from an electronic recording made at the time of the aforesaid proceedings and is a correct transcript, to the best of my ability, made from the proceedings in the above-entitled matter, and that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

/S/ Arlinda Rodriguez                    December 7, 2022

ARLINDA RODRIGUEZ                        DATE