**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:21-CR-00048(33)-RP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AUSTIN, TEXAS |
| | ) | |
| HILDA GUTIERREZ-BENITEZ, | ) | |
| | ) | |
| Defendant. | ) | APRIL 8, 2022 |

```
***********************************************
         TRANSCRIPT OF SENTENCING HEARING
         BEFORE THE HONORABLE LEE YEAKEL
***********************************************
```

APPEARANCES:

FOR THE PLAINTIFF:    DANIEL D. GUESS
                      UNITED STATES ATTORNEY'S OFFICE
                      903 SAN JACINTO BOULEVARD, SUITE 334
                      AUSTIN, TEXAS 78701

FOR THE DEFENDANT:    ROBERTO L. RODRIGUEZ
                      LAW OFFICE OF ROBERTO L. RODRIGUEZ
                      505 WEST 12TH, SUITE 204
                      AUSTIN, TEXAS 78701

INTERPRETER:          LORENA DEVLYN

COURT REPORTER:       ARLINDA RODRIGUEZ, CSR
                      501 WEST 5TH STREET, SUITE 4152
                      AUSTIN, TEXAS 78701
                      (512) 391-8791

Proceedings recorded by electronic sound recording, transcript produced by computer.

(Open court, defendant present)

THE CLERK:  The Court calls the following case for sentencing: 21-CR-048(33), *United States v. Hilda Gutierrez-Benitez.*

MR. GUESS:  Dan Guess for the government.

MR. RODRIGUEZ:  Roberto Rodriguez for the defendant.

THE COURT:  Will the defendant please state her name.

THE DEFENDANT:  Hilda Gutierrez-Benitez.

THE COURT:  Ms. Gutierrez-Benitez, you have pleaded guilty to Count One of an indictment charging you with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, a Class B felony; is that correct?

THE DEFENDANT:  Yes.

THE COURT:  You pleaded guilty before United States Magistrate Dustin Howell on September 30th, 2021.

Do you remember that?

THE DEFENDANT:  Yes.

THE COURT:  By order signed November 4th, 2021, I accept and adopted a report and recommendation of the magistrate judge and accepted your plea of guilty in this case, and found you guilty, as I reiterate today.

We're here today for sentencing.  Are you prepared to proceed forward at this time?

THE DEFENDANT:  Yes.

THE COURT:  Have you had sufficient time to review with your lawyer the presentence investigation report prepared by the probation department in this case?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that under the guidelines established by the United States Sentencing Commission, which are advisory to this court, the probation department has computed your Total Offense Level as 29 and your Criminal History Category as 1, meaning if this court were to determine that a guideline sentence was an appropriate sentence to impose in this case, I could sentence you to 108 months confinement in the Bureau of Prisons, a term of supervised release of five years, a fine of $5 million, and a special assessment of $100?

THE DEFENDANT:  Yes.

THE COURT:  Do you also understand that under the statute under which you have been convicted, I could sentence you to 40 years confinement in the Bureau of Prisons, and must sentence you to a minimum of five years confinement in the Bureau of Prisons, I could sentence you to a term of supervised release of four years, a fine

of $5 million, and a special assessment of $100?

THE DEFENDANT:  Yes.

THE COURT:  Does the government have objection to the presentence investigation report?

MR. GUESS:  No, Your Honor.

THE COURT:  Does the defendant have objection to the presentence investigation report?

MR. RODRIGUEZ:  Yes, Your Honor.  We have one objection.

THE COURT:  Mr. Rodriguez, I will hear you on your objection at this time.

MR. RODRIGUEZ:  Yes, Your Honor.  It is our position that Ms. Gutierrez-Benitez should get a four-level reduction as being a minor participant.  In note 30 -- I'm sorry -- note 3 to 1B1.3 it says:  A defendant is only accountable for the relevant conduct for which the defendant was personally involved and performed a limited function in the criminal activity may receive an adjustment under this guideline.

Your Honor, in this case there is 33 defendants, as the court has pointed out previously.  In the PSR there is 47 factual paragraphs.  My client is mentioned in only one.  She was not a drug user.  She was not associated with these people.  She came into this criminal enterprise because she was a maid for one of the

people.  She was a drug courier, and she was -- that was the extent of her participation.

She fits I think within the four corners of note 3 to 1B1.3, and we think that the Court should impose a downward adjustment.

THE COURT:  Mr. Guess, does the government have a response?

MR. GUESS:  Your Honor, I believe the probation office got this one right in terms of identifying her as an average participant, given the fact that this was a large amount of methamphetamine that she was courier-ing for the organization.

I agree with Mr. Rodriguez that she did not participate heavily within this organization.  But, again, these organizations don't operate by themselves.  And with Ms. Gutierrez agreeing to bring up the methamphetamine from Houston to the Austin area, she put herself in a position in which she was potentially liable for a large amount of drugs.

Unfortunately for her in this particular case, it does rise to the level of an average participant, in the government's opinion, and would ask that the Court reject the objection.

THE COURT:  Mr. Rodriguez, do you care to respond?

MR. RODRIGUEZ:  Your Honor, well, my response would be that she's already being penalized for the amount of drugs, in that if this were not such a large amount of drugs, she would also qualify for a *Barrett* behavior because she has no past criminal history whatsoever.  She came to the U.S. -- other than being in the country illegally.  But she has not broken the law, and this is way outside of the lifestyle that she has.

So because of the quantity of the drugs, she's already disqualified from a downward adjustment for a *Barrett* behavior.  So I think that the amount of drugs, which is not mentioned in the notes to 1B1, that someone that -- that there was a large amount of drugs should not be given this downward departure.  So we think that the Court should still downwardly depart.

THE COURT:  The Court has, in light of your objections, carefully been through the presentence investigation report and has studied the references to this defendant contained in the report.  As you have noted, and as I have observed, there were 33 defendants in this original indictment.  It is a wide-ranging drug conspiracy.

This defendant was in fact a drug courier.  The conspiracy could not have existed, the drug trafficking organization could not have functioned as well as it did,

distributed the total amount of drugs that it did, without the involvement of a large number of couriers and operatives that transported narcotics.

This defendant's involvement is best described in paragraphs 19 and 21 of the presentence investigation report. She was arrested, as has been mentioned, bringing drugs from Houston. In the car not only was Ms. Gutierrez-Benitez but her nine-year-old daughter, which gives the court some concern, but that is not what the court primarily takes into account in determining her role in this case.

But I find her role was as a drug courier; that the couriers were an important and integral part of the drug trafficking organization; and that there's no indication anywhere that she did not know what she was doing. And so I think the probation department has computed her role appropriately. I overrule the objections and will proceed from there.

Mr. Rodriguez, that ruling having been made, do you know of any legal reason why the court should not proceed with sentencing at this time?

MR. RODRIGUEZ: No, Your Honor.

THE COURT: Mr. Guess, does the government know of any legal reason why the court should not proceed with sentencing at this time?

MR. GUESS:  No, sir.

THE COURT:  Ms. Gutierrez-Benitez, Mr. Rodriguez, if either or both of you have anything you would like to say to the court before the court pronounces sentence, I will hear from you at this time and I will take whatever you have to say into account in determining the appropriate sentence to impose in this case.

MR. RODRIGUEZ:  Yes, Your Honor.  I'd like to repeat, as the presentence report has indicated, my client has no history of drug or alcohol abuse.  She has no -- no criminal history.

She came to this country at age of 15.  She's been working in manual labor this whole time.  She was just enticed into this conspiracy by the lure of, quote/unquote, easy money.

As she unhappily learned, this was not easy money.  It's taken her away from her family, from her three daughters.  During the time she's been incarcerated, for about two years, during that time her father has passed away, her granddaughter has been born. These are milestone events that she's missed.  Life is passing her by while she's in a cold cell in Waco.

She's come to realize, you know, that there's no easy way to make a living.  You just have to do it

honestly.  She's very remorseful.  She has a lot of support here from her family.  She would like to address the Court, and two of her daughters would like to address the Court as well, Your Honor.

THE COURT:  Ms. Gutierrez, do you have anything you would personally like to say before the court pronounces sentence?

THE DEFENDANT:  Yes, sir.

THE COURT:  You may proceed.

THE DEFENDANT:  Yes, Your Honor.  I admit my responsibility, and I am sorry.  I regret the decision that I made.  I caused a lot of harm to my family, to my daughters.  My dad died, and I wasn't able to see when my granddaughter was born.  This has affected my daughter's life.  I made a big mistake, and I admit it.  And since I've been in jail, now I know that I've made a big mistake.

And I just want to ask to please take this into account and have pity on me as you impose your sentence, and I would like to ask for a second opportunity.  And that's all.

THE COURT:  Thank you.

Does the government have anything before sentence is pronounced?

MR. GUESS:  Your Honor, despite the fact that

she is an average participant, she did try to assist herself and she was given credit by the safety valve for that. I struggled as to whether or not there should be a motion for a further reduction. I didn't feel that it met the statutory definition. But, given that situation of her being a one-time courier within this organization, a variance to the mandatory minimum in this case certainly would not be objected to by the government. I believe that, again, she attempted but just didn't rise to the level of a 5K.

THE COURT: Thank you. Does Probation have anything further?

PROBATION OFFICER: No, Your Honor.

THE COURT: Is there anyone here in the audience who desires to speak with regard to this case before sentence is pronounced? I understand there are people here in support of this defendant, and I certainly consider that and take that into account. But if anyone wants to speak, please come forward at this time.

And if there are more persons than the two ladies who have arisen, everyone who wants to speak, please stand up at this time and come to the gate with the court security officer. And then you may come forward one at a time, state your name, any relationship you have with the defendant, and then share with the

court whatever you desire to share with the court.

MS. J. MEJIA:  My name is Jasmine Mejia, and I'm her daughter.  I have so many reasons why my mom doesn't deserve to be away from us, starting by saying that -- that my mother is the strongest person I know.  She is the mother that will risk herself to give her three daughters the best life.  She always puts herself last in everything because of that kind heart she has.

I know -- I know she made a mistake.  She didn't realize in the moment what consequences that would bring her and how much she would lose by getting involved in that type of stuff.  She's the most positive person.  During these two years she's been there, she has not once lost hope that this will be all over.

There are so many events and things she's losing being in here.  It's been two years already.  She's missed out on her first grand baby that I gave her.  I really need her sometimes.  I'm 17 and sometimes struggle on what to do with my baby.  It's hard if I have a question on something if there's no video calls, and I need her a lot.  She's missing out seeing us grow and accomplish so many things.

I miss her hugs and just being with her all the time.  I really hope in your heart you spare my mom some forgiveness so you won't take her away from us longer.

We need her so much, and my little sister the most.

And that's all, Your Honor.  Thank you.

THE COURT:  Thank you.

MS. I. MEJIA:  Hi.  My name is Itzel Mejia. I'm her daughter, the oldest.  I come here today filled with hope that you will see my mom through my eyes and see her for who she is: a loving mother who always did what she could for me and my sisters and a very much loved family member with the biggest heart.

My mother deserves a second chance to reunite with me and my sisters and family.  I know my mother deeply regrets her past decision every day for these past two years that she has been in jail away from us, her babies, and has learned a valuable lesson.  My mother was really the only one there for my and my sisters.  I can say I really do need my mom, especially my little sister. This really has impacted all of us.

I have much faith she will reunite with us and she gets the chance to meet her first granddaughter and her grandson on the way and experience that type of love not behind a screen.

My mother's not a bad person, Your Honor.  She just made a bad decision that we can all say she has learned and regretted deeply.  I just ask, Your Honor, to please take us into consideration, and be compassionate

with my mom.  I hope your decision will lend my mom a second chance.  Thank you for your time.

THE COURT:  Thank you.

MS. MORALES:  Good morning.  My name is Norma Morales.  I would only like to say that Hilda is an excellent person.  She is a great mother.  And, as single mom, in order to raise her kids, she made a mistake.  But that doesn't mean that she should be separated from her family.  She deserves a second opportunity to show the person who she really is.  She is good and she wants to give more, and she should be with her family and see her grandkids.  All I want to ask Your Honor is for you to give her a second opportunity.

THE COURT:  Thank you.

Seeing no one else, Ms. Gutierrez-Benitez, Mr. Rodriguez, do either or both of you have anything you would like to say in addition to what you've already said or in response to anything that's been said by anyone else?

MR. RODRIGUEZ:  No, Your Honor.

THE DEFENDANT:  No.

THE COURT:  The court has read and reviewed the presentence investigation report prepared by the probation department in this case, and I accept and adopt that report after overruling objections to it.  And I

find that the correct Total Offense Level is 29, the defendant's correct Criminal History Category is 1, and the correct Guideline Range would be a term of 87 to 108 months.

I also find that, due to the nature and circumstances and background of this defendant, and the offense for which she is convicted, that the safety valve provisions of the sentencing guidelines apply to this court's consideration of a sentence.

I've carefully read the plea agreement in this case and the several letters -- I think it was nine -- that I received in advance of this hearing, seven in support of this defendant and two letters, I believe, from this defendant, and I take those into account. And I've heard the testimony of the persons -- or the statements of the persons that have spoken in the courtroom this morning, and I take that into account.

Further, as was noted earlier, there were 33 persons originally indicted with regard to this drug trafficking organization. I have sentenced nine of those persons previously. This defendant is the tenth. So, in going through all of the background and materials in this case, this is the tenth time I've done it, and I feel that I have a really good handle on exactly what each defendant that was indicted's role in the drug

trafficking conspiracy is.

I have found that she was an average participant in this and that her role was necessary to the success of this drug trafficking organization, but certain things mitigate in her favor. I do find that there's no evidence that she was anything other than a one-time courier. I do accept the statements that she was lured by the easy money, which does not excuse what she did and certainly does not lessen her involvement in it.

With the family background and support she has and what was contained in the letters that I've read, I find that her decision to involve herself in this drug trafficking organization was not just a bad decision, it was an extremely bad decision.

But I do not find her, based on all her background, to be a particular candidate to re-offend. I believe she is likely to be deported after she serves the time I assess today in prison. I do find she has zero criminal history points, and I always, when I examine the background and circumstances of every defendant, do take that into account, that they have not had an ongoing criminal history of activity.

I've also considered all of the factors in Title 18 of the United States Code, Section 3553, and in

this case I think I should exercise my discretion under 3553 and assess a sentence outside of the guidelines. I think the sentence that I will impose does account for all of the factors of Title 18, Section 3553, and is a reasonable sentence to impose.

In imposing that sentence, I find that the minimum statutory sentence that I can impose is 5 years, or 60 months, and that that sentence, as has been mentioned by the government, is not opposed by the government.

Therefore, pursuant to the Sentencing Reform Act of 1984, it is the judgment of this court that you, Hilda Gutierrez-Benitez, are hereby committed to the custody of Bureau of Prisons to serve a term of 60 months.

Upon release from imprisonment, you shall be placed on supervised release for a term of two years. Within 72 hours of release from the custody of the Bureau of Prisons, you shall report in person to the probation office in the district to which you are released. While on supervised release, you shall not commit another federal, state, or local crime, and you shall comply with the mandatory and standard conditions adopted by this court on November 28th, 2016 which include, in part:

If you are excluded, deported, or removed upon

release from imprisonment, your term of supervised release shall be nonreporting supervised release. You shall not illegally reenter the United States. If at the time you are released you are deported and lawfully reenter the United States during your term of supervised release, you shall report immediately in person to the nearest United States Probation Office.

I find that you do not have the ability to pay a fine; I will waive the fine in this case. However, it is further ordered that you shall pay to the United States a special mandatory assessment of $100 which shall be due immediately.

Since you are currently in federal custody, voluntary surrender is not an issue.

Ms. Gutierrez-Benitez, at this time I am handing to the clerk of this court the presentence investigation report prepared by the probation department in this case and to which we have referred during this proceeding. I'm ordering that that report be sealed. That means that no one may come to the district clerk's office and read about you or any members of your family or any of the facts and circumstances surrounding the offense for which you have been convicted and sentenced today which may be contained in that report.

However, I wish to advise you that if there is

an appeal from the sentence I have just imposed, both you and the government may use your copies of the presentence investigation report for purposes of appeal, and in that event the presentence investigation report will become part of the record on appeal.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Pursuant to the terms of your plea agreement, you have waived your right to appeal the sentence that I have just imposed except under certain circumstances set forth in that agreement.  In a moment I will be passing to you and your attorney letters that more fully explain that.

However, I wish to advise you at this time that if for any reason you desire to appeal the sentence that I have just imposed, or if for any reason you feel you have a right to appeal that sentence, you may only do so if you first file with the clerk of this court within 14 days a written Notice of Appeal.  That's a written document called a "Notice of Appeal."

If you do not file such a written Notice of Appeal with the clerk of this court within 14 days, you can never appeal the sentence that I have just imposed and you will forever waive your right to appeal that sentence.

Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Then at this time I am passing to you and your lawyer letters to that effect.

Is there anything further to come before the court in this case at this time?

MR. GUESS:  No, Your Honor.

MR. RODRIGUEZ:  Your Honor, we'd ask the Court issue a recommendation that she be housed in the Bureau of Prisons as close to Austin as possible.

THE COURT:  It will be my recommendation to the Bureau of Prisons that you be placed in a facility as close to Austin, Texas as the Bureau can accommodate you in order that you might be near your family.  However, my recommendations to the Bureau of Prisons are recommendations only and not guarantees.

Do you understand that, Ms. Gutierrez?

THE DEFENDANT:  Yes.

THE COURT:  Anything further from the defendant?

MR. RODRIGUEZ:  No, Your Honor.

THE COURT:  Anything further from the government?

MR. GUESS:  No, Your Honor.

THE COURT:  At this time the court dismisses

any pending motions on which the court has not ruled.

You are excused.  Good luck to you, Ms. Gutierrez.

(End of transcript)

ARLINDA L. RODRIGUEZ, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)

**UNITED STATES DISTRICT COURT        )**

**WESTERN DISTRICT OF TEXAS           )**

I, Arlinda Rodriguez, Official Court Reporter, United States District Court, Western District of Texas, do certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

WITNESS MY OFFICIAL HAND this the 16th day of January 2024.

/S/ Arlinda Rodriguez
Arlinda Rodriguez, Texas CSR 7753
Expiration Date:  10/31/2025
Official Court Reporter
United States District Court
Austin Division
501 West 5th Street, Suite 4152
Austin, Texas 78701
(512) 391-8791